UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THELMA CAHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV96 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 4], pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiff has not responded to the Motion. The Court has reviewed the record and applicable law, and, accordingly, the Court finds that Plaintiff's case should be dismissed.

### **Standard For Review**

"[A]t issue in a factual 12(b)(1) motion is the trial court's [subject matter] jurisdiction-its very power to hear the case...." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990). "The burden of proving subject matter jurisdiction falls on the plaintiff." *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir.2000) (citation omitted). Although dismissal will not be granted lightly, "[d]ismissal is proper ... when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." *Wheeler v.*

*St. Louis Southwestern Ry. Co.*, 90 F.3d 327, 329 (8th Cir.1996).

In contrast to a Rule 12(b)(6) motion, "[t]he district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under [Rule] 12(b)(1)." *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir.1993). "[T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ." *Osborn*, 918 F.2d at 730. "Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Bellecourt v. U.S.*, 994 F.2d 427, 430 (8th Cir.1993)(internal quotations and citation omitted).

**Facts and Background**

This is a Federal Tort Claims Act ("FTCA") action brought by Plaintiff seeking monetary damages for alleged personal property damages sustained in a motor vehicle collision with a U.S. Postal Service ("USPS") vehicle on February 10, 2006.

On April 3, 2008, Plaintiff filed an administrative claim pursuant to the FTCA with the USPS. Prior to this claim, on December 21, 2006, Randall Cahill submitted an administrative claim, listing only himself as the claimant. The same day the December 21, 2006 claim was submitted, the USPS notified Plaintiff and Mr. Cahill in writing that Mr Cahill was not the proper person to submit such a claim, and that only the owner of the vehicle or her legal representative could submit the claim. At no time during the two year limitation period did Mr. Cahill identify himself as Plaintiff's legal representative or as her Power of Attorney. Plaintiff did not submit a claim until April 3, 2008. Defendant argues that this Court is without subject matter jurisdiction to hear the case.

While Mr. Cahill did submit a claim form, he failed to submit proof of his status as Plaintiff's Representative or her Power of Attorney. Defendant's evidentiary submissions demonstrate, and Plaintiff does not dispute, that Plaintiff did not file a subsequent claim until April 3, 2008.

On July 14, 2008, the USPS denied Plaintiff's administrative tort claim due to her failure to submit a perfected claim. The USPS denied the claim based on Plaintiff's failure to submit her claim within the two year statute of limitations for bringing a FTCA action under the provisions of 28 U.S.C. § 2401(b)

On January 14, 2009, Plaintiff filed the instant action.

## Discussion

Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff's claim because she never presented a claim to the agency within the statute of limitations period. Title 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail...." Thus the issue presented to this Court is whether Plaintiff presented an adequate "claim" to the USPS, fully satisfying the procedural requirements of 28 U.S.C. § 2675(a).

It is well established that the United States is immune from suit unless it expressly waives its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Indeed, "[s]overeign immunity is jurisdictional in nature." *Id*. The FTCA constitutes a waiver of the government's sovereign immunity. See 28 U.S.C. § 2671 *et seq*. This waiver of sovereign immunity, however, is conditional upon a plaintiff's satisfaction of the procedural requirements found in 28 U.S.C. § 2675(a). See *Bellecourt*, 994 F.2d at 430 ("The FTCA is a limited waiver of sovereign

immunity which requires compliance with the conditions enacted by Congress. These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant "present" an administrative claim ... and that the claim be finally denied.")(citing 28 U.S.C. § 2675(a)). The Eighth Circuit has held that the administrative exhaustion requirement of 28 U.S.C. 2675(a) is jurisdictional. *Melo v. U.S.*, 505 F.2d 1026, 1028 (8th Cir.1974); *Korgel v. U.S.*, 619 F.2d 16, 17, n. 2 (8th Cir.1980)("Compliance with § 2675(a) procedures is an absolute prerequisite to maintenance of an action under the FTCA."). Because Plaintiff herself failed to exhaust the administrative requirements of 28 U.S.C. § 2675(a), this Court does not have subject matter jurisdiction to reach the merits of her claim.

Plaintiff has not complied with § 2675(a) procedures because the "claim" that was originally presented to the USPS did not fully satisfy the regulatory requirements of 28 C.F.R. § 14.2(a). The Department of Justice has promulgated regulations that define the conditions upon which a "claim" may be "deemed to have been presented" to a federal agency. Notably, the regulation stipulates that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title

> or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). Under the Justice Department's regulation, "a 'claim' has four elements: (I) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." *Kanar v. U.S.*, 118 F.3d 527, 528 (7th Cir.1997). Mr Cahill's claim, therefore, falls short of establishing all four of the necessary elements; his claim included no evidence to substantiate his authority to represent Plaintiff. In light of the requirements found in 28 C.F.R. § 14.2(a), Mr. Cahill's claim is not "deemed to have been presented," to the federal agency, and consequently, Plaintiff has failed to meet the jurisdictional procedural requirements of 28 U.S.C. § 2675(a). See *Lunsford v. U.S.*, 570 F.2d 221, 226 (8th Cir.1977)("[W]e find that the administrative claims inadequately presented the claims ... because they failed to demonstrate the existence of the necessary agency relationship.").

The legislative history behind Congress' enactment of § 2675(a) supports this interpretation. "Congressional intent in enacting the administrative exhaustion requirement was to improve and expedite disposition of monetary claims against the

Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation." *Lunsford*, 570 F.2d at 224-25 (citing S.Rep.No.1327, 89th Cong., 2d Sess. 3, reprinted in (1966) U.S.Code Cong. & Admin.News p. 2515; H.R.Rep. No. 1532, 89th Cong., 2d Sess. 4 (1966)). To achieve these congressional purposes, the Department of Justice has promulgated several regulations, including 28 C.F.R. § 14.2(a). *Id*. at 225 (citing 28 C.F.R. § 14.1 *et seq*.). The requirement that Mr. Cahill concurrently file the requisite evidence of his capacity as Plaintiff's Representative or her Power of Attorney, therefore, is one of the four requirements the Justice Department has promulgated in furtherance of the congressional purposes underlying the enactment of § 2675(a). "Since the major reason for the administrative claim requirement is to facilitate settlement of cases, we feel it necessary to require that the existence of such authority be asserted contemporaneously with the filing of the claim by one who files on behalf of a claimant. In the absence of an assertion of such authority the ability of the United States to negotiate a settlement is impeded." *Id*. at 226.

It is also noteworthy that the Government gave Plaintiff ample opportunity to comply with the requirements of 28 C.F.R. § 14.2(a). The Government sent Plaintiff and Mr. Cahill a letter informing them of the information missing from

Plaintiff's claim, and neither Plaintiff nor Mr. Cahill responded promptly. Neither Plaintiff nor Mr. Cahill provided the necessary information and neither contacted the USPS to offer an explanation for their failure to do so. Plaintiff has offered no explanation for her continued failure to comply with the procedural requirements of § 2675(a) and 28 C.F.R. § 14.2(a). This Court, consequently, has no subject matter jurisdiction over Plaintiff's FTCA claim based on the original claim.

The second, subsequent claim that was in fact executed by Plaintiff came too late. Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States must be presented in writing within two years after such claim accrues. The claim accrued on February 10, 2006; the proper claim was presented to the USPS on April 3, 2008, a time obviously after the passage of two years from accrual of the claim. As such, the claim executed by Plaintiff was not timely submitted for consideration by the USPS.

**Conclusion**

Based upon the foregoing analysis, the Court finds that Plaintiff failed to satisfy the jurisdictional requirements of 28 U.S.C. 2675(a); the Court, consequently, has no subject matter jurisdiction over her FTCA claim. Defendant's Motion is granted and Plaintiff's case is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 4], is **GRANTED**;

**IT IS FURTHER ORDERED** that the above-captioned case is dismissed.

Dated this 27th day of May, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE